IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-180-BR

| | |
|---|---|
| JOYCE MCKIVER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MURPHY-BROWN LLC, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on defendant's motion to be heard and objection to any transfer of venue. (DE # 50.) Plaintiffs filed a brief in opposition, (DE # 55), to which defendant filed a reply, (DE # 59).

The court's setting of this case for trial in Raleigh prompted defendant's motion and objection. Defendant argues that trial in the Western Division (where Raleigh is located), rather than the Southern Division (where this case is assigned), is contrary to this court's local rule regarding the divisional assignment of cases and the change of venue statute. Irrespective of the location of trial, defendant maintains the jury must be drawn from the Southern Division. Because the parties do not have a right to trial in a particular division within this district and nothing requires that jurors come from the Southern Division, the court will deny defendant's motion and overrule its objection to the place of trial.

The court begins its analysis with the statute creating this court, 28 U.S.C. § 113. It divides North Carolina into three districts by counties (or portions thereof) and designates the cities where court for the district shall be held. 28 U.S.C. § 113. Unlike with some other states, the statute does not also create divisions for each district or require court for a specified division

to be held at a certain location.  Cf. id. § 115 (dividing the Northern District of Ohio into two divisions and specifying the cities where court for each division shall be held).  Rather, court within the Eastern District of North Carolina can be held at any of seven cities, "Elizabeth City, Fayetteville, Greenville, New Bern, Raleigh, Wilmington, and Wilson."  Id. § 113(a).  Because the statute creating this district specifies where court may be held within the *district*, there is no statutory right to trial within a division or at a particular city.  See United States v. Harman, 349 F.2d 316, 319 (4th Cir. 1965) (holding trial was properly held in a city different from city where indictment was returned in a state where statute divides state into districts and does not divide districts into divisions); Thomas v. Babb, No. 5:10-CV-52-BO, 2015 WL 1275393, at *2 (E.D.N.C. March 19, 2015) (denying the defendants' request to move trial from Elizabeth City to Raleigh and recognizing "[t]he court may exercise discretion to designate one of the statutory locations as a place of trial, even though the case was filed in another location" (citation and internal quotation marks omitted)).

Defendant nonetheless contends that because this case is assigned to the Southern Division, this court's local rule prohibits the transfer of the case to the Western Division and requires that trial be held in Wilmington, the headquarters of the Southern Division.  Local Civil Rule 40.1(b) divides the district into four divisions, each with a designated headquarter city.  This rule was the result of administrative necessity.  Given the large geographical dimension of the district, divisions were needed for the assignment of cases to judges and so prospective jurors would not potentially be required to travel from one end of the district to the other.

Under Local Civil Rule 40.1(c)(1), the Clerk assigns all civil actions to a division, generally based on the division in which a party resides.  In accordance with this rule, this case was ultimately assigned to the Southern Division, as Joyce McKiver, the first named plaintiff,

2

resides in White Oak, North Carolina, which is located in Bladen County.[1]  Nothing in the local rule specifies the location of trial.  All that is required with respect to scheduling trial is that "each judicial officer [] maintain an individual trial calendar with due regard for the priorities and requirements of law."  Local Civil Rule 40.1(d).

Despite defendant's argument to the contrary, the court has not transferred this case from one division to another.  The court has simply set the matter for trial in Raleigh, in accordance with the practice in this district to conduct trials in any courthouse location in the district, irrespective of the divisional assignment of the case.

of the majority of district judges in this district to conduct any trial in the courthouse location closest to his or her duty station, irrespective of the divisional assignment of the case.

Similarly, the court has not transferred or changed venue in contravention of the change of venue statute, 28 U.S.C. § 1404.  "Jurisdiction and venue are district wide."  Alabakis v. Iridium Holdings, LLC, Civil Action No. DKC 2007-2032, 2007 WL 3245060, at *1 (D. Md. Nov. 1, 2007).  Venue is proper in this district as a substantial part of the events or omissions giving rise to plaintiffs' claims occurred here.  See 28 U.S.C. § 1391(b)(2).  Section 1404(a) governs the transfer of a civil action to another district or division for the convenience of the parties and witnesses.  Id. § 1404(a).  Section 1404(b) permits transfer of a civil action (or motion or hearing thereof) to another division in the same district on all parties' consent.  Id. § 1404(b).  Again, by setting trial in Raleigh, the court has not transferred the case from one division to another division.  See In re Gibson, 423 F. App'x 385, 390 (5th Cir. 2011) (holding trial court did not act contrary to § 1404(b) when it set trial in one division which was not the same division as where the case was filed because there was no transfer).  Section 1404(c)

---

[1] Initially, the case was mistakenly assigned to the Eastern Division.  The Clerk subsequently entered an order redesignating the case as a Southern Division case.  (DE # 5.)

provides that "[a] district court may order any civil action to be tried at any place within the division in which it is pending." Id. § 1404(c). "Where a district lacks statutory division, courts have discretion under § 1404(c) to select any designated location within the district as the place of trial." Grossman v. Smart, 73 F.3d 364 (7th Cr. 1995) (table) (citations omitted); see also Gentry Locke Rakes & Moore, LLP v. Energy Dev. Corp., No. 7:17-CV-102, 2017 WL 1498117, at *3 n.4 (W.D. Va. Apr. 25, 2017). As recognized previously, this district does not have statutory divisions, and Raleigh is one of the statutorily designated locations for court in this district. Accordingly, the setting of trial in Raleigh is not contrary to § 1404(c).

Even considering the convenience of the parties and witnesses and other factors, defendant has not met its burden to show Wilmington is a more appropriate location for trial than Raleigh. As plaintiffs point out, the additional distance plaintiffs and witnesses from the same area must travel to Raleigh as opposed to Wilmington is not significant.[2] Some of the witnesses are located in Raleigh or are closer to Raleigh than Wilmington. Raleigh is more practical for all counsel. It is more efficient for the undersigned to hold the trial in Raleigh, given that the trial is expected to last several weeks and my office with full staff is located there (which is closest to my duty station). In short, trial in Raleigh is more convenient and in the interest of justice.

Notwithstanding the trial's location in the Western Division, defendant argues that the Jury Selection and Service Act of 1968 ("JSSA") and the district's jury plan require a jury from the Southern Division. Under the JSSA, "[i]t is the policy of the United States that all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes." 28 U.S.C. § 1861. "Division" for a district where there are no statutory divisions is

---

[2] In fact, the courthouse in Fayetteville, not Wilmington, is the closest court location to plaintiffs and witnesses from the same area.

4

defined as "such counties, parishes, or similar political subdivisions surrounding the places where court is held as the district court plan shall determine[.]" Id. § 1869(e)(2). "The counties surrounding the places where court is held in this District and heretofore designated as 'divisions' by Local Civil Rule 40.1(b)" are deemed divisions for purposes of the district's jury plan. Plan for the Random Selection of Jurors § 3 (E.D.N.C. Oct. 31, 2017), available at http://www.nced.uscourts.gov/jurors/default.aspx. Reading the JSSA and the district's jury plan together, petit juries must be randomly selected from the division in which court is held. See United States v. Florence, 456 F.2d 46, 49-50 (4th Cir. 1972) (concluding that the defendant had no statutory right under the JSSA to a jury selected from a division other than one where trial was held). Therefore, for this case, prospective jurors will be drawn from the Western Division.

Defendant's motion is DENIED, and its objection OVERRULED.

This 15 February 2018.

_____
W. Earl Britt
Senior U.S. District Judge