IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-180-BR

| | |
|---|---|
| JOYCE MCKIVER, et al., | ) |
| Plaintiffs, | ) |
| v. | ) ORDER |
| MURPHY-BROWN LLC, | ) |
| Defendant. | ) |

This matter is before the court on defendant's motion to bifurcate. (DE # 56.) Plaintiffs filed a response in opposition, (DE # 62), to which defendant filed a reply, (DE # 102).

Defendant requests that the court order the bifurcation of the issues of liability for and the amount of compensatory damages from the issues of liability for and the amount of punitive damages. Relying on N.C. Gen. Stat. § 1D-30, defendant claims it has a right to a trial so bifurcated. Alternatively, pursuant to Fed. R. Civ. P. 42(b), defendant contends bifurcation is appropriate to avoid inefficiency and unfair prejudice to it. Plaintiffs oppose the motion, arguing that Rule 42(b) controls the court's analysis and that there is no evidence relating solely to punitive damages.

North Carolina General Statute section 1D-30 provides in relevant part, "Upon the motion of a defendant, the issues of liability for compensatory damages and the amount of compensatory damages, if any, shall be tried separately from the issues of liability for punitive damages and the amount of punitive damages, if any." On a defendant's motion pursuant to this statute, the court *must* bifurcate the compensatory damages phase of the trial from the punitive damages phase of the trial under the procedures set forth therein. Land v. Land, 687 S.E.2d 511,

517 (N.C. Ct. App. 2010).  However, "[b]ifurcation is primarily procedural in nature; therefore, federal procedural law applies."  Greenwood Motor Lines, Inc. v. Saga Freight Logistics, LLC, No. 3:13-CV-529-RJC-DCK, 2015 WL 13610653, at *1 (W.D.N.C. Oct. 9, 2015) (citing Rosales v. Honda Motor Co., 726 F.2d 259, 260 (5th Cir. 1984)).  Accordingly, the court is not required to grant defendant's motion in accordance with N.C. Gen. Stat. § 1D-30 and will consider whether bifurcation is warranted under Rule 42(b).  See id.

The federal rule permits bifurcation "[f]or convenience, to avoid prejudice, or to expedite and economize."  Fed. R. Civ. P. 42(b).

> The Court is permitted considerable discretion in exercising its powers under the rule.
> Notwithstanding the broad discretion conferred by Rule 42(b), the bifurcation of issues and the separate trial of them is not the usual course of events.  Nothing else appearing, a single trial will be more expedient and efficient.  The party requesting separate trials bears the burden of convincing the court that such an exercise of its discretion will (1) promote greater convenience to the parties, witnesses, jurors, and the court, (2) be conducive to expedition and economy, and (3) not result in undue prejudice to any party.

F & G Scrolling Mouse, L.L.C. v. IBM Corp., 190 F.R.D. 385, 387 (M.D.N.C. 1999) (citations omitted).

Having fully considered the parties' arguments, the court finds that defendant has not met its burden.  Specifically, the court concludes that there is overlap in the evidence regarding compensatory and punitive damages, and therefore, bifurcation would not promote convenience or be conducive to expedition and economy.  Defendant's motion to bifurcate is DENIED.

This 16 March 2018.

_____
W. Earl Britt
Senior U.S. District Judge