IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-180-BR

| | |
|---|---|
| JOYCE MCKIVER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MURPHY-BROWN LLC, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on defendant's motion for jury view. (DE # 178.) Plaintiffs have filed a response in opposition, (DE # 189), to which defendant has filed a reply, (DE # 196).

Defendant requests that the jury be permitted to view plaintiffs' properties at issue because none of the evidence in the case can provide the jurors with an adequate representation of the level or severity of the odor alleged and because the most effective way for the jurors to understand the nature of the community is to visit the area. Plaintiffs argue that a jury view is inappropriate as the odor is episodic, defendant has altered the conditions of the subject hog operation, other evidence will sufficiently inform the jury, and delay and inconvenience would result.

>  Although the United States Court of Appeals for the Fourth Circuit has not so held, several circuits have held and the prevailing view is that, "a federal court, exercising its inherent powers, may allow a jury in either a civil or a criminal case to view places or objects outside the courtroom." *Clemente v. Carnicon–Puerto Rico Management Assocs., L.C.*, 52 F.3d 383, 385 (1st Cir. 1995), *overruled on other grounds by United States v. Gray*, 199 F.3d 547, 550 (1st Cir. 1999); *see also Kelley v. Wegman's Food Markets, Inc.*, 98 F. App'x 102, 104–05 (3d Cir. 2004); *United States v. Triplett*, 195 F.3d 990, 999 (8th Cir . 1999); *United States v. Moonda*, 347 F. App'x 192, 201 (6th Cir. 2009). Further, a district court's

> decision to disallow a jury view "is highly discretionary." *Triplett*, 195 F.3d at 999; *see also Moonda*, 347 F. App'x at 201; *Kelley*, 98 F. App'x at 104–105.
>
> Based on this discretion, a district court may deny a party's request for a jury view if the court believes it would be "time consuming, difficult to control, and . . . [un]necessary in order for the jury to fully appreciate the case." *Kelley*, 98 F. App' x at 105. Further, a court may deny a party's request for a jury view where the other evidence available is sufficient otherwise without the view. *Id.* (upholding denial of a jury view where the district court had allowed numerous photographs and reports and relevant testimony into evidence); *United States v. Passos–Paternina*, 918 F.2d 979, 986 (1st Cir. 1990) (denying request for a jury view of a ship where there was "sufficient testimonial evidence about the vessel"); *United States v. Culpepper*, 834 F.2d 879, 883 (10th Cir. 1987) (upholding the district court's denial of a jury view where the evidence included photographs from the day after the events in question occurred); *Triplett*, 195 F.3d at 999 (upholding the denial of a jury view where the trial evidence included photographs and diagrams of the sites of the defendant's arrests in addition to testimony concerning the circumstances and conditions at those locations at the relevant times); *Hametner v. Villena*, 361 F.2d 445, 446 (9th Cir. 1966) (upholding denial where the evidence included photographs and a surveyor's diagram of the scene, and the requested jury view, "with its attendant delay and inconvenience, was unnecessary and unwarranted").

Jones v. Consol. Coal Co., No. 1:13CV11, 2014 WL 1091214, at *1-2 (N.D.W. Va. Mar. 19, 2014) (alteration and omission in original); see also Gunther v. E.I. Du Pont De Nemours & Co., 255 F.2d 710, 716 (4th Cir. 1958) ("The propriety of sending the jurors to view the property was a question that lay within the sound discretion of the district judge[.]").

The court finds a jury view is not justified under the circumstances. The primary reason is the conditions at plaintiffs' properties cannot be duplicated on any given day. At best, a jury view would be limited in time. Plaintiffs' odor and other complaints, of course, cover a much longer period. Conditions when jurors visit would not necessarily be substantially similar to what plaintiffs experienced at a given time. Furthermore, other evidence, particularly testimony and photographs, will adequately illustrate the conditions at plaintiffs' properties and the surrounding area. In short, a jury view would not be helpful to the jury to decide issues in the

case. In addition, because the plaintiffs' properties are approximately 90 miles from Raleigh, the place of trial, a jury view would cause undue delay and inconvenience to what is expected to be a lengthy trial.

Defendant's motion for jury view is DENIED.

This 2 April 2018.

                               W. Earl Britt
                               Senior U.S. District Judge