IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-180-BR

| | |
|---|---|
| JOYCE MCKIVER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MURPHY-BROWN LLC, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on defendant's motion to exclude the expert testimony of Dr. Thomas N. Hubbard pursuant to Federal Rules of Evidence 403 and 702 and in accordance with Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993). (DE # 72.) Plaintiffs have filed a response in opposition to the motion. (DE # 116.)

The court is aware of its gatekeeping function under Rule 702 and Daubert in regards to expert testimony, as the Fourth Circuit Court of Appeals has summarized.

> [A] district court's gatekeeping responsibility [is] to "ensur[e] that an expert's testimony both rests on a *reliable* foundation and is *relevant* to the task at hand."
> Relevant evidence, of course, is evidence that helps "the trier of fact to understand the evidence or to determine a fact in issue." To be relevant under *Daubert*, the proposed expert testimony must have "a valid scientific connection to the pertinent inquiry as a precondition to admissibility."
> With respect to reliability, the district court must ensure that the proffered expert opinion is "based on scientific, technical, or other specialized knowledge and not on belief or speculation, and inferences must be derived using scientific or other valid methods." *Daubert* offered a number of guideposts to help a district court determine if expert testimony is sufficiently reliable to be admissible. First, "a key question to be answered in determining whether a theory or technique is scientific knowledge that will assist the trier of fact will be whether it can be (and has been) tested." A second question to be considered by a district court is "whether the theory or technique has been subjected to peer review and publication." Publication regarding the theory bears upon peer review; "[t]he fact of publication (or lack thereof) in a peer reviewed journal will be a relevant, though not dispositive, consideration in assessing the scientific validity of a

particular technique or methodology on which an opinion is premised." Third, "in the case of a particular scientific technique, the court ordinarily should consider the known or potential rate of error." Fourth, despite the displacement of *Frye*, "'general acceptance'" is nonetheless relevant to the reliability inquiry. "Widespread acceptance can be an important factor in ruling particular evidence admissible, and a known technique which has been able to attract only minimal support with the community may properly be viewed with skepticism." *Daubert's* list of relevant considerations is not exhaustive; indeed, the Court has cautioned that this "list of specific factors neither necessarily nor exclusively applies to all experts or in every case," and that a trial court has "broad latitude" to determine whether these factors are "reasonable measures of reliability in a particular case."

Nease v. Ford Motor Co., 848 F.3d 219, 229 (4th Cir.), cert. denied, 137 S. Ct. 2250, 198 L. Ed. 2d 680 (2017) (citations omitted) (most alterations in original).

Dr. Hubbard is an economist. Defendant contends Dr. Hubbard's opinions are irrelevant and unreliable. Specifically, defendant takes issue with Dr. Hubbard's opinions regarding the social utility of defendant's operation and how defendant's vertical integration structure does not provide the company or its parent companies incentives to account for the harm that may be imposed locally. Defendant also seeks the exclusion of Dr. Hubbard's references to defendant's Chinese grandparent corporation and pork exports to China on the grounds that the references are irrelevant and unfairly prejudicial.

Dr. Hubbard's proposed testimony passes muster under Rule 702 and Daubert. That testimony is both relevant and reliable. To the extent his testimony might be unfairly prejudicial, the court will limit his testimony to be consistent with its ruling on defendant's motion in limine to exclude references to Chinese ownership and exports of pork to China. (3/21/18 Oral Order.) Dr. Hubbard cannot refer to exports to China specifically, although he may refer to foreign exports. As to defendant's organizational structure, Dr. Hubbard may refer to the fact that defendant's grandparent corporation is Chinese or otherwise a foreign entity, but that fact cannot be emphasized.

For the foregoing reasons, defendant's motion to exclude the expert testimony of Dr. Hubbard is ALLOWED IN PART and DENIED IN PART.

This 10 April 2018.

                                                                   W. Earl Britt
                                                                   Senior U.S. District Judge