IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-180-BR

| | |
|---|---|
| JOYCE MCKIVER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MURPHY-BROWN LLC, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the issue of the jury verdict on punitive damages.

On 26 April 2018, the jury returned its verdict regarding the claims of plaintiffs Joyce McKiver, Delois Lewis, Daphne McKoy, Alexandria McKoy, Antonio McKoy, Archie Wright, Jr., Tammy Lloyd, Deborah Johnson, Ethel Davis, and Priscilla Dunham. The jury awarded each of these plaintiffs $75,000 in compensatory damages and $5,000,000 in punitive damages. The court directed the Clerk to delay entry of judgment pending the parties' briefing on the issue of punitive damages. Plaintiffs filed a brief, (DE # 276), and defendant filed a motion to impose the North Carolina statutory cap on punitive damages, (DE # 275).

"In a diversity case, state substantive law governs the circumstances justifying an award and the amount of punitive damages, and federal law governs district and appellate court review of the jury award." Def. Indus., Inc. v. Nw. Mut. Life Ins. Co., 938 F.2d 502, 504-05 (4th Cir. 1991). North Carolina substantive law applies here. N.C. Gen. Stat. § 1D-25(b) provides in relevant part that "[p]unitive damages awarded against a defendant shall not exceed three times the amount of compensatory damages or two hundred fifty thousand dollars ($250,000), whichever is greater."

Plaintiffs contend that § 1D-25(b)'s limitation on the amount of punitive damages is unconstitutional as applied. Specifically, they argue that in this case for private nuisance, the statute violates their right to a jury trial under the North Carolina Constitution, Article I, Section 25, which provides "In all controversies at law respecting property, the ancient mode of trial by jury is one of the best securities of the rights of the people, and shall remain sacred and inviolable." They recognize that in Rhyne v. K-Mart Corp., 594 S.E.2d 1, 14 (N.C. 2004), the North Carolina Supreme Court held "§ 1D-25 in no way infringes upon plaintiffs' right to trial by jury as guaranteed by our state Constitution." Nonetheless, plaintiffs argue Rhyne is distinguishable because the underlying claim in this case is for private nuisance and therefore is a controversy respecting property under Article I, Section 25. Defendant maintains that the court is required to reduce the punitive damages award per plaintiff to $250,000 pursuant to § 1D-25(b).

The court concludes Rhyne controls. In that case, the nature of the plaintiffs' underlying claims (false imprisonment/unlawful detention, malicious prosecution, intentional infliction of emotional distress, and negligence) was not relevant to the court's analysis. Rather, the court focused on what "property" means in the jury trial constitutional provision:

> "Property," as used in Article 1, Section 25, and its similarly worded predecessors, has been defined by this Court as "embrac[ing] everything which a man may have exclusive dominion over." This Court similarly noted in 1872 that "[i]n all actions where *legal rights* are involved, and issues of fact are joined by the pleadings, the plaintiff is entitled to a trial by jury."
> Although Article I, Section 25 appears to embody a broad definition of the term "property," a controversy in which punitive damages are assessed is not one which enforces a plaintiff's legal rights and, therefore, does not respect property. Without question, vested rights of action are property, just as tangible things are property. "'A right to sue for an *injury* is a right of action; it is a thing in action, and is property.'" However, an entitlement to an award of punitive damages does not represent a right vested in a plaintiff. A plaintiff's recovery of punitive damages is fortuitous, as such damages are assessed solely as a means to

2

punish the willful and wanton actions of defendants and, unlike compensatory damages, do not vest in a plaintiff upon injury.

. . . .

[P]laintiffs have no independent right to, or "property" interest in, an award of punitive damages. As such, the jury's role in awarding punitive damages can be dictated by our state's policy-making body, the General Assembly, without violating plaintiffs' constitutional right to trial by jury.

Rhyne, 594 S.E.2d at 12-13 (most alterations in original; citations omitted).

In accordance with this decision and § 1D-25(b), defendant's motion is ALLOWED, and the court will reduce the amount the jury awarded to each plaintiff for punitive damages to $250,000.[1] The court will not direct the entry of judgment pending the filing, and disposition, of a motion pursuant to Federal Rule of Civil Procedure 54(b).[2]

This 7 May 2018.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　W. Earl Britt
　　　　　　　　　　　　　　　　　　Senior U.S. District Judge

---

[1] Plaintiffs agree that if § 1D-25(b) applies, then each plaintiff's punitive damages recovery is limited to $250,000. (Br., DE # 276, at 12-13.)

[2] Defendant represents that it will file such a motion "within the coming week." (DE # 275, at 3.)