IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOYCE MCKIVER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 7:14-CV-180-BR |
| | ) | |
| MURPHY-BROWN, LLC, d/b/a SMITHFIELD HOG PRODUCTION DIVISION, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| WOODELL MCGOWAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 7:14-CV-182-BR |
| | ) | |
| MURPHY-BROWN, LLC, d/b/a SMITHFIELD HOG PRODUCTION DIVISION, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| EUNICE ANDERSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 7:14-CV-183-BR |
| | ) | |
| MURPHY-BROWN, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

| | |
|---|---|
| ANNJEANETTE GILLIS, et al., ) | |
| ) | |
|    Plaintiffs, ) | |
| ) | |
| v. ) | No. 7:14-CV-185-BR |
| ) | |
| MURPHY-BROWN, LLC, ) | |
| ) | |
|    Defendant. ) | |

| | |
|---|---|
| BEN ARTIS, et al., ) | |
| ) | |
|    Plaintiffs, ) | |
| ) | |
| v. ) | No. 7:14-CV-237-BR |
| ) | |
| MURPHY-BROWN, LLC d/b/a ) | |
| SMITHFIELD HOG PRODUCTION ) | |
| DIVISION, ) | |
| ) | |
|    Defendant. ) | |

ORDER

     This matter is before the court sua sponte. See Capital Cities Media, Inc. v. Toole, 463 U.S. 1303, 1305 (1983). Given the continuing nature of this litigation,[1] and significant increase in trial publicity, the court issues an order to protect the parties' fundamental "right to a fair trial by impartial jurors." Gentile v. State Bar of Nevada, 501 U.S. 1030, 1075 (1991); see Thiel v. S. Pac. Co., 328 U.S. 217, 220 (1946).

     Court orders which limit extrajudicial statements by trial participants must balance the parties' Sixth Amendment rights with the guarantees of the First Amendment. See Gentile, 501

---

[1] There are 26 cases involved in this litigation. See Case No. 5:15-CV-00013-BR. To date, there are nine jury trials scheduled sequentially until the end of this calendar year.

2

U.S. at 1075; Sheppard v. Maxwell, 384 U.S. 333, 361-62 (1966). "In the Fourth Circuit, district courts may restrict extrajudicial statements by parties and counsel only if those statements present a reasonable likelihood of prejudicing a fair trial." United States ex rel. Davis v. Prince, 753 F. Supp. 2d 561, 568 (E.D. Va. 2010) (internal quotations omitted); see In re Russell, 726 F.2d 1007, 1010 (4th Cir. 1984); Am. Science & Eng'g. Inc. v. Autoclear, LLC, 606 F. Supp. 2d 617, 625–26 (E.D. Va. 2008); accord United States v. Brown, 218 F.3d 415, 427 (5th Cir. 2000). Given the volume and scope of prejudicial publicity observed in McKiver and McGowan, and the substantial risk of additional publicity tainting or biasing future jury pools, the court adopts the following order:

IT IS ORDERED that from now until the final verdict in these cases, the plaintiffs, their counsel, representatives and agents, and defendant, its counsel, representatives and agents, and all potential witnesses shall not give or authorize any extrajudicial statement or interview to any person or persons associated with any public communications media or that a reasonable person would expect to be communicated to a public communications media relating to the trial, the parties or issues in this case which could interfere with a fair trial or prejudice any plaintiff, the defendant, or the administration of justice and which is not a matter of public record. Statements or information intended to influence public opinion regarding the merits of this case are specifically designated as information which could prejudice a party. Nothing set forth above shall prohibit any of the above parties from the following:

(1) Stating, without elaboration or any kind of characterization whatsoever:

    (a) the general nature of an allegation or defense made in this case;

    (b) information contained in the public record of this case;

    (c) scheduling information; or,

(d) any decision made or order issued by the court which is a matter of public record.

(2) Explaining, without any elaboration or any kind of characterization whatsoever, the contents or substance of any motion or step in the proceedings, to the extent such motion or step is a matter of public record in this case and any ruling made thereon to the extent that such ruling is a matter of public record.

IT IS FURTHER ORDERED that all courthouse personnel, including marshals, deputy marshals, guards, court clerks, deputy clerks, law clerks, secretaries, bailiffs and court reporters, shall under no circumstances disclose to any person, without express authorization by the court, information relating to this case that is not part of the public records of this court.

The court direct the parties' and public's attention to Local Civil Rules 83.4, 83.6, and 83.1(k).

This 27 June 2018.

_____
W. Earl Britt
Senior U.S. District Judge