IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-180-BR

JOYCE MCKIVER, et al.,                    )
                                          )
        Plaintiffs,                       )
                                          )
        v.                                )          ORDER
                                          )
MURPHY-BROWN LLC d/b/a                    )
SMITHFIELD HOG PRODUCTION                 )
DIVISION,                                 )
                                          )
        Defendant.                        )
_____ )

This matter is before the court on defendant's motion to direct entry of final judgment

pursuant Federal Rule of Civil Procedure 54(b). (DE # 281.) The parties extensively briefed the

issues, culminating in the filing of sur-replies and concluding on 18 July 2018.[1] On 19 August

2018, however, the parties filed a joint motion to continue four trials and stay discovery in

related cases, stating in that motion their desire for finality as to certain rulings in this case and

their intent to separately request the court to direct entry of final judgment in this case. In re NC

Swine Farm Nuisance Litig., No. 5:15-CV-13-BR (DE # 513). As a result, plaintiffs have now

notified the court that they withdraw opposition to defendant's motion to direct entry of final

judgment. (DE # 315.)

In this case, ten of the twenty plaintiffs proceeded to trial on their nuisance claims,[2] and,

on 26 April 2018, the jury found in favor of each plaintiff, awarding compensatory and punitive

---

[1] The motion ripened during the trial of a related case, which did not conclude until 3 August 2018. The delay in
reaching the instant motion was not due to any uncertainty on the court's part as to the merits, but rather was due to
the press of other business, including criminal court matters and pending motions on the court's civil docket in cases
both related and unrelated to this litigation.
[2] This case is one of 26 related cases that the court coordinated for discovery and pretrial proceedings. After the
parties undertook preliminary discovery, they agreed that more detailed discovery should proceed and identified five

damages. On post-trial motions, the court reduced the punitive damages award per plaintiff to $250,000, (DE # 277), and awarded plaintiffs pre- and post-judgment interest, (DE # 301). Ten plaintiffs' nuisance claims remain for trial, which the court anticipates setting for the first half of 2019. Defendant requests pursuant to Federal Rule of Civil Procedure 54(b), the court direct entry of final judgment on those nuisance claims litigated to jury verdict.

Rule 54(b) permits the court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

> "The task which the district court must follow to effectuate a Rule 54(b) certification involves two steps." "First, the district court must determine whether the judgment is final." Id. A judgment "must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" "Second, the district court must determine whether there is no just reason for the delay in the entry of judgment."

MCI Constructors, LLC v. City of Greensboro, 610 F.3d 849, 855 (4th Cir. 2010) (citations omitted).

> [I]n deciding whether there are no just reasons to delay the appeal of individual final judgments in setting such as this, a district court must take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively "preserves the historic federal policy against piecemeal appeals."

---

cases (the "Discovery Pool Cases"), including this case, to "permit the [p]arties to explore relevant and representative legal and factual issues." In re NC Swine Farm Nuisance Litig., No. 5:15-CV-13-BR (DE # 93). Once the court ruled on dispositive and related motions, the court held a hearing on defendant's motion to sever and, alternatively, for separate trials in the Discovery Pool Cases. The court denied severance but allowed separate trials. Id. (DE # 488).

  The court-ordered trial selection process directed the parties to alternate selecting groups of plaintiffs from the Discovery Pool Cases for trial. Plaintiffs were allowed to select the first trial group, consisting of eight to twelve plaintiffs. Plaintiffs chose ten plaintiffs from this case. Consistent with defendant's request in its motion to sever and for separate trials, the court permitted defendant to select for the second trial a representative household of plaintiffs. Rather than select remaining plaintiffs from this case, defendant selected two plaintiffs who reside in the same household in another Discovery Pool Case. Thereafter, the parties continued alternating selections of groups of at least one-half the number of plaintiffs from a Discovery Pool Case. For its fourth and sixth trial group selections, defendant selected plaintiffs from other Discovery Pool Cases. It was not until the seventh trial group did the remaining plaintiffs in this case get selected (by plaintiffs) for trial.

Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980) (citation omitted). Factors to be considered include:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

MCI Constructors, 610 F.3d at 855 (footnote, citation, and internal indentation omitted).

Here, the court easily concludes that the first step of Rule 54(b) certification is met. The lone (nuisance) claim of each plaintiff in the first trial has been fully adjudicated. Therefore, the court is dealing with a final judgment.

The closer issue is whether there is no just reason to delay appeal from the first verdict. Before plaintiffs withdrew their opposition to defendant's motion, the court was particularly concerned about defendant's exercise of its control over the selection of groups of plaintiffs for trial, see supra note 1, and, because of the overlapping issues among all plaintiffs' claims, the possibility that the appellate court might be required to consider the same issues a second time. However, recent developments cause the court to give those considerations less weight. As noted, the parties now agree to the entry of final judgment. They "have also agreed to pursue potential options for alternative resolution of future trials," In re NC Swine Farm Nuisance Litig., No. 5:15-CV-13-BR (DE # 513, at 2), which necessarily includes the trial of the remaining plaintiffs' claims in this case. The court places great weight on the parties' agreement regarding certification, see GMAC Mortg., LLC v. Flick Mortg. Inv'rs, Inc., No. 3:09-cv-125-RJC-DSC, 2012 WL 1098633, at *5 (W.D.N.C. Mar. 31, 2012) (where the non-movant did not oppose Rule 54(b) certification, finding the equities favor entering judgment because "it fulfills

the reasonable expectations of the parties" (internal quotation marks and citation omitted)), and the fact that certification may facilitate resolution of the pending claims outside of court. Independent of these considerations, the court places some weight on the fact that appellate review may assist this court in rendering decisions on issues pending in this case and related cases. Imperative to the court's decision is the parties' determination to proceed simultaneously with the appeal process, alternative dispute resolution, *and* the trials of related cases, which best serves the interests of judicial efficiency. The court resolves these issues in concluding that there is no just reason for delay in the entry of judgment on the verdict in the trial in this case.

Defendant's motion is ALLOWED, and the Clerk is DIRECTED to enter judgment on the 26 April 2018 verdict (as modified by the court's post-verdict orders).

This 31 August 2018.


_____
    W. Earl Britt
    Senior U.S. District Judge