IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-180-BR

| | |
|---|---|
| JOYCE MCKIVER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MURPHY-BROWN LLC d/b/a ) | |
| SMITHFIELD HOG PRODUCTION ) | |
| DIVISION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on defendant's motions to alter or amend judgment, for judgment as a matter of law, and for a new trial, (DE ## 323, 325, 327); plaintiffs' motion to alter or amend judgment, (DE # 329); and defendant's motion to strike plaintiffs' reply, (DE # 343).

On 31 August 2018, the court allowed defendant's unopposed motion to direct entry of final judgment on the jury verdict awarding ten of the twenty plaintiffs in this case compensatory and punitive damages. (DE # 317.) The same day the Clerk entered judgment. (DE # 318.) On 28 September 2018, the parties filed their post-judgment motions. Briefing on those motions concluded on 2 November 2018 with plaintiffs' filing of a reply in support of their post-judgment motion, to which defendants responded with a motion to strike. Briefing on that motion has recently concluded, thus making these related motions ripe.

I. **DEFENDANT'S MOTION TO ALTER OR AMEND**

Pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure, defendant requests that the court vacate the 31 August 2018 judgment. "A Rule 59(e) motion may only be

granted in three situations: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.' It is an extraordinary remedy that should be applied sparingly." Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (citations omitted). Because defendant filed its motion within 28 days of entry of the judgment, the court considers it only under this standard, rather than under the Rule 60(b) standard. See Robinson v. Wix Filtration Corp., 599 F.3d 403, 412 (4th Cir. 2010) ("We have squarely held, however, that a motion filed under both Rule 59(e) and Rule 60(b) should be analyzed only under Rule 59(e) if it was filed no later than [28] days after entry of the adverse judgment and seeks to correct that judgment." (citations omitted)). Defendant contends that new legal and factual developments warrant vacating the judgment.

**A. Right to Farm Act**

Defendant argues that based on post-trial amendments to North Carolina's Right to Farm Act ("RFA"), the Act bars plaintiffs' claims or, alternatively, prohibits plaintiffs' recovery of punitive damages. Specifically, defendant contends that the subject amendments clarify existing law and therefore apply to pending cases. Plaintiffs counter that the amendments work a change in law, applying only prospectively. The court agrees with plaintiffs.

> In construing a statute with reference to an amendment it is presumed that the legislature intended either (a) to change the substance of the original act, or (b) to clarify the meaning of it. A clarifying amendment, unlike an altering amendment, is one that does not change the substance of the law but instead gives further insight into the way in which the legislature intended the law to apply from its original enactment. As a result, in addition to applying to all cases brought after their effective dates, such amendments apply to all cases pending before the courts when the amendment is adopted, regardless of whether the underlying claim arose before or after the effective date of the amendment.

2

Ray v. N.C. Dep't of Transp., 727 S.E.2d 675, 681 (N.C. 2012) (citations and internal quotation marks omitted). In contrast, if the amendment is altering, its effective date controls. Id. at 682.

"To determine whether the amendment clarifies the prior law or alters it requires a careful comparison of the original and amended statutes. If the statute initially fails expressly to address a particular point but addresses it after the amendment, the amendment is more likely to be clarifying than altering." Id. (citations and internal quotation marks omitted). "Where, however, the legislature alters an unambiguous statute, it is presumed that the legislature intended to change the law." Tucker Auto-Mation of N.C., LLC v. Russell Rutledge & Rutledge Commercial, LLC, No. 1:15-CV-893, 2017 WL 2930926, at *8 (M.D.N.C. July 10, 2017) (citing Childers v. Parker's, Inc., 162 S.E.2d 481, 484 (N.C. 1968)).

The prior version of the RFA, which this court applied in ruling on the cross-motions for summary judgment, provided in relevant part:

> No agricultural or forestry operation or any of its appurtenances shall be or become a nuisance, private or public, by any changed conditions in or about the locality outside of the operation after the operation has been in operation for more than one year, when such operation was not a nuisance at the time the operation began.

N.C. Gen. Stat. § 106-701(a) (2013). The Act also contained a provision exempting from this law nuisances resulting from negligent or improper operation of an agricultural or forestry operation. Id. § 106-701(a2) (2013).

By virtue of "An Act to Make Various Changes to the Agricultural Laws," effective 27 June 2018, the North Carolina General Assembly amended those provisions by, among other things, removing the law's applicability being contingent upon "changed conditions in or about the locality outside of the operation" and by deleting the exemption for nuisances resulting from negligent or improper operation. See 2018-113 N.C. Sess. Laws 7, 8 (codified at N.C. Gen. Stat.

§ 106-701). That Act replaced those provisions with other requirements that must be satisfied for a nuisance action to proceed against an agricultural or forestry operation, significantly, that the affected property be within one-half mile of the subject operation and that any action be filed within one year of the operation's establishment or underdoing a fundamental change. N.C. Gen. Stat. § 106-701(a) (2018). It also added a provision prohibiting the recovery of punitive damages where the operation has not been subject to a criminal conviction or a governmental agency civil enforcement action "within the three years prior to the first act on which the nuisance action is based." Id. § 106-702(a1) (2018).

A comparison of these versions reveals that the amendments changed the substance of the RFA. The law, as originally enacted in 1979, specifically addressed the circumstances under which an agricultural operation may be deemed a nuisance. See id. § 106-700 (1979) ("It is the purpose of this Article to reduce the loss to the State of its agricultural resources by limiting the circumstances under which agricultural operations may be deemed to be a nuisance."). Those circumstances remained through amendments to the statute in 1993, 2013, and 2017. In apparent reaction to this court's summary judgment ruling, see An Act to Make Various Changes to the Agricultural Laws, 2018-113 N.C. Sess. Laws 1 (June 27, 2018) ("[R]ecently a federal trial court incorrectly and narrowly interpreted the North Carolina Right to Farm Act in a way that contradicts the intent of the General Assembly and effectively renders the Act toothless in offering meaningful protection to long-established North Carolina farms and forestry operations[.]"), the legislature substantively changed those circumstances. As a result, this amendment is altering, and the effective date controls. See Ward v. Dixie Nat'l Life Ins. Co., 595 F.3d 164, 175 (4th Cir. 2010) ("[T]the mere fact that a legislature enacts a new law in order

to correct or clarify a recent judicial decision does not warrant an inference that the legislature intended the new law to apply to the case giving rise to it." (citations omitted)).

The court reaches a similar conclusion regarding the punitive damages amendment to the RFA. Although an earlier provision of the Act addressed the measure of compensatory damages that may be awarded where the nuisance emanated from an agricultural or forestry operation, N.C. Gen. Stat. § 106-702(a) (2017), the Act did not address punitive damages. Rather, North Carolina's punitive damages statute, which has been in effect since 1996 and "applies to every claim for punitive damages," id. § 1D-10 (1996), governs the determination of liability for punitive damages, id. § 1D-15 (1996). The recent amendment to the RFA further narrows liability for punitive damages in the case of an alleged nuisance emanating from an agricultural or forestry operation. It did not clarify or fill in a gap in the law. The punitive damages amendment is a substantive change, and the effective date controls its application.

Because plaintiffs brought this action prior to the effective date of the subject amendments, those amendments do not provide a basis for vacating the judgment and entering judgment in defendant's favor.

**B. Failure to Join a Necessary and Indispensable Party**

Alternatively, defendant urges the court to dismiss this case for failure to join Kinlaw Farm, LLC as a necessary and indispensable party in accordance with Federal Rule of Civil Procedure 19. Defendant cites as "new evidence" its post-trial decision to cease conducting business with the farm, resulting in its removal of its swine from the farm and in the farm's inability to receive the same payments as if the farm were operational. Plaintiffs argue that the court should stand by its earlier ruling on the issue of whether the owners of the subject farms are necessary and indispensable parties to this litigation.

Prior to the deadline for filing dispositive motions, and when this case and others were consolidated for coordinated, detailed discovery and pretrial proceedings, defendant filed a motion for judgment on the pleadings based on the failure to join the landowners as necessary and indispensable parties under Rule 19.

> [D]efendant's argument rest[ed] on the purported prejudice that the landowners would suffer if a nuisance is found in these cases in their absence. According to defendant, a finding of nuisance would (1) interfere with the landowners' fundamental property rights, including their state-issued permits for lagoon use, (2) subject the landowners to a significant risk of future liability, and (3) result in the landowners being in breach of their contracts with defendant.

In re NC Swine Farm Nuisance Litig., No. 5:15-CV-13-BR (DE # 439, at 8). The court rejected the notion that failure to join the landowners would impair or impede their ability to protect their interests as well as defendant's suggestion that it would suffer prejudice absent joinder of the landowners. Id. at 8-11.

Defendant renews many of its earlier arguments. The primary factual differences are now a verdict has been rendered against defendant and it has chosen to terminate business with the landowner. Defendant stresses the harm that the verdict has caused to the landowner's interests. Yet, the verdict was against defendant only. The verdict did not mandate defendant's actions against the landowner. It is entirely within defendant's control whether to invoke any of its contractual rights against the landowner. The court recognized as much in its prior order. See id. at 9 ("A finding of a nuisance does not necessarily mean the landowners can no longer raise swine on their properties or make their relevant permits worthless. . . . Although the finding of a nuisance may have some impact on the landowners' operations, it is defendant who would allegedly control the extent of that impact."). As for the landowner's risk of future liability for nuisance and punitive damages, which the court also previously considered, see id. at 9-10, that risk is virtually nonexistent given the current law discussed above.

6

The court concludes that the "new evidence," which is entirely of defendant's making, does not warrant dismissal of this case for failure to join the landowner as a party.

## II. DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW

Based on Rule 50(b) of the Federal Rules of Civil Procedure, defendant renews its earlier motions for judgment as a matter of law. In considering a Rule 50(b) motion, "the question is whether a jury, viewing the evidence in the light most favorable to [the non-movant], could have properly reached the conclusion reached by th[e] jury. If reasonable minds could differ about the result in this case, [the court] must affirm the jury's verdict." Bryant v. Aiken Reg'l Med. Ctrs. Inc., 333 F.3d 536, 543 (4th Cir. 2003) (citation and internal quotation marks omitted).

Defendant argues that it is entitled to judgment as a matter of law because plaintiffs failed to present sufficient evidence to support punitive or "fear of future injury" damages; plaintiffs failed to establish defendant's vicarious liability for the nuisance; and, the statute of limitations bars plaintiffs' claims. Considering the evidence developed at trial in the light most favorable to plaintiffs, a reasonable jury could have found in plaintiffs' favor on liability and damages, including punitive damages, and the court will not disturb the jury's verdict.

## III. DEFENDANT'S MOTION FOR A NEW TRIAL

Defendant moves for a new trial under Rule 59(a) of the Federal Rules of Civil Procedure. "In considering a motion for a new trial, a trial judge may weigh the evidence and consider the credibility of witnesses, and if he finds the verdict is against the clear weight of the evidence, is based on false evidence or will result in a miscarriage of justice, he must set aside the verdict, even if supported by substantial evidence, and grant a new trial." King v. McMillan, 594 F.3d 301, 314 (4th Cir. 2010) (citation and internal quotation marks omitted). By way of its motion, defendant asks the court to revisit its prior rulings on the cross-motions for summary

judgment, defendant's motion to bifurcate, various evidentiary issues, and proposed jury instructions. The court does not believe it erred in those rulings and declines to order a new trial on any ground asserted.

## IV. PLAINTIFFS' MOTION TO ALTER OR AMEND AND DEFENDANT'S MOTION TO STRIKE

Plaintiffs also move to alter or amend the judgment under Rule 59(e). Specifically, they request that the court set aside its reduction of the jury's punitive damages awards on the ground that North Carolina's statutory punitive damages cap is unconstitutional as applied. Plaintiffs acknowledge that their request amounts to one for reconsideration. The court stands by its earlier decision reducing the punitive damages awards in this case. (DE # 277.)

Defendant moves to strike plaintiffs' reply brief filed in support of their motion to alter or amend the judgment. Defendant points to the court's 6 June 2018 order in this case, (DE # 300), and related cases regarding motion practice and other issues. The relevant portion of that order provides, "No replies are permitted with respect to any motions without leave of court." (Id. at 3.) Plaintiffs claim they understood that portion to apply to pre-trial motions only, not post-trial motions. As an alternative to striking, plaintiffs offer to withdraw the reply and do not oppose the court making clear that the prohibition against the filing of reply briefs applies to post-trial motions. The court accepts this proposal, and defendant's motion is therefore moot.

**The court reminds the parties of the requirements of the 6 June 2018 order, scheduling orders, and the Local Rules (all of which are applicable to this case and the related cases), including filing deadlines, page limitations, and formatting requirements such as font and margin sizes. Ignoring or manipulating these requirements is unacceptable. The court reserves the right to summarily deny or refuse to consider any document not filed in compliance with orders of this court or the Local Rules.**

## V. CONCLUSION

For the foregoing reasons, defendant's motions to alter or amend the judgment, for judgment as a matter of law, for a new trial, and to strike are DENIED. Plaintiff's motion to alter or amend the judgment is DENIED.

This 17 December 2018.

 W. Earl Britt
 Senior U.S. District Judge